# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD DWAYNE WHITFIELD, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-0902 |
| | § | |
| SHERIFF ED GONZALEZ, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER OF DISMISSAL

Ronald Dwayne Whitfield, a pretrial detainee with the Harris County Sheriff's Office ("HCSO") at the time, filed a *pro se* lawsuit raising civil complaints under section 1983 and habeas claims under section 2241. He seeks leave to proceed *in forma pauperis*.

Public online records for the HCSO indicate that Whitfield is no longer in custody of that agency. Accordingly, any habeas claims challenging his detention with that agency have become moot. Regardless, Whitfield did not exhaust his habeas claims through the Texas Court of Criminal Appeals prior to filing this lawsuit, and the claims are subject to dismissal for failure to exhaust.

Whitfield is a three-strikes litigant and frivolous filer who may not proceed *in forma pauperis* in any civil lawsuit until he proves payment of all prior court sanctions imposed against him and obtains pre-authorization to file any intended litigation. A $100.00 sanction was imposed against him by the Fifth Circuit Court of Appeals in *In re Whitfield*, No. 97-00454 (5th Cir. Oct. 30, 1997), a $200.00 sanction was imposed in *Whitfield v. Johnson*,

No. 2:97-cv-3148 (S.D. Tex. Apr. 22, 1999), a $750.00 sanction was imposed in *Whitfield v. Johnson*, No. 4:94-cv-2767 (S.D. Tex. March 5, 2011), and a $200.00 sanction was imposed in *Whitfield v. Ott*, No. 4:00-cv-2367 (S.D. Tex. July 17, 2001), among others. Further, a $100.00 sanction was imposed against him in *In re Whitfield*, No. 2:08-mc-21 (S.D. Tex. March 13, 2008), with an order barring him from filing any non-criminal actions without payment of the sanctions and pre-authorization to file. These sanctions remain unpaid. Moreover, Whitfield's pleading does not show that he was under imminent danger of serious physical injury at the time it was filed. To the extent Whitfield seeks leave to file this lawsuit, leave to file is DENIED.

Whitfield's habeas claims are DISMISSED WITHOUT PREJUDICE AS MOOT. In the alternative, they are DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Whitfield is DENIED leave to file this lawsuit as to his non-habeas civil complaints. In the alternative, his non-habeas civil complaints are DISMISSED WITHOUT PREJUDICE pursuant to section 1915(g) and for his failure to pay the sanctions imposed against him.

Signed at Houston, Texas on March 29, 2018.

Gray H. Miller
United States District Judge